IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAWN E. BRUMMETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-58-E-BN |
| | § | |
| DALLAS HOUSING AUTHORITY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shawn E. Brummett filed a *pro se* complaint under 42 U.S.C. § 1983 and the Fair Housing Act against the Dallas Housing Authority. *See* Dkt. No. 3. And United States District Judge Ada Brown referred Brummett's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Brummett filed an *ex parte* emergency motion for temporary restraining order ("TRO") and preliminary injunction. *See* Dkt. No. 5.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion.

## Discussion

Granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

So, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

"A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," so "[t]o obtain a [TRO], an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up). But, for an *ex parte* TRO, the applicant must also meet the requirements of Federal Rule of Civil Procedure 65(b)(1), which provides:

> The court may issue a [TRO] without written or oral notice to the adverse party or its attorney only if:
>
> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

Although Brummett included a declaration under the penalty of perjury in his motion, it contains only conclusory statements as to harm, not specific facts as to immediate and irreparable injury before DHA can be heard. *See* Dkt. No. 5 at 1. And as to the second requirement, Brummett provides only a form certificate of service indicating that the motion "was served on Defendants by U.S. Mail and/or electronic means." *Id.* at 2.

But, even if Brummett had met the requirements of Rule 65(b)(1), his motion should be denied because both the motion and his complaint contain primarily conclusory statements of the elements for his claims but do not provide sufficient factual allegations to state a plausible claim for relief. *See* Dkt. Nos. 3, 5; *see also Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that plaintiff contends entitle him to relief (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e))). And his motion also primarily sets out the elements for preliminary injunctive relief but does not allege specific facts to support the conclusory assertions that those elements have been met. *See* Dkt. No. 5.

So, because he has not met the requirements for an *ex parte* TRO, has not shown a substantial likelihood that he will prevail on the merits, and has not sufficiently alleged the other elements for preliminary injunctive relief, Brummett's motion should be denied.

**Recommendation**

The Court should deny Plaintiff Shawn Brummett's emergency motion for a TRO and preliminary injunction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 20, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 4 -