IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHAWN E. BRUMMETT,                    §
                                      §
            Plaintiff,                §
                                      §
V.                                    §            No. 3:26-cv-58-E-BN
                                      §
DALLAS HOUSING AUTHORITY,             §
                                      §
            Defendant.                §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Shawn E. Brummett filed a *pro se* complaint under 42 U.S.C. § 1983 and the Fair Housing Act against the Dallas Housing Authority. *See* Dkt. Nos. 3, 15. And United States District Judge Ada Brown referred Brummett's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Brummett filed an *ex parte* emergency motion for temporary restraining order ("TRO") and preliminary injunction. *See* Dkt. No. 5. And the undersigned entered findings of fact, conclusions of law, and recommendation that the Court should deny the motion, which the Court accepted. *See* Dkt. Nos. 7, 16. Brummett filed an amended complaint. *See* Dkt. No. 16. And he has now filed another emergency *ex parte* motion for TRO and preliminary injunction. *See* Dkt. No. 20.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny the renewed motion.

## Discussion

Granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

So, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

"A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," so "[t]o obtain a [TRO], an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

Brummett's motion references eviction proceedings. And a review of the

- 2 -

publicly available court records for Dallas County[1] show that the eviction proceedings were filed on April 20, 2026, and judgment was entered against Brummett after a jury trial on May 5, 2026. *See DHA et al. v. Brummett*, No. JPC-26-5864-51 (Dall. Cnty. Just. Ct. 5-1 May 5, 2026). Brummett appealed to Dallas County Court at Law No. 2 in *DHA et al. v. Brummett & All Other Occupants*, No. CC-26-3983-B. That case remains pending, with trial scheduled for June 26, 2026.

Brummett's motion seeking to enjoin his eviction in essence seeks to have this Court intervene in the ongoing state court eviction proceedings. So the motion implicates the Anti-Injunction Act or, in the alternative, abstention under *Younger v. Harris*, 401 U.S. 37 (1971).

First, the relief that Brummett now seeks

necessarily implicates the Anti-Injunction Act (AIA), 28 U.S.C. § 2283. The AIA provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Act "has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131-32 (5th Cir. 1990). These exceptions are each construed narrowly and should not be broadened by "loose statutory construction." *Gibbs v. Lufkin Indus., Inc.*, 487 F. App'x 916, 919 (5th Cir. 2012). As to the "necessary in aid of jurisdiction" exception, courts have found that it applies "only where a state proceeding threaten[s] to dispose of property that form[s] the basis for federal *in rem* jurisdiction or where the state proceeding threaten[s] the continuing

---

[1] The filings are available through searches on the Dallas County, Texas Courts Portal (https://courtsportal.dallascounty.org/DALLASPROD). A district court may properly take judicial notice of public records in state court proceedings. *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 Fed. App'x 888, 892 (5th Cir. 2020); *see also Lowe v. Hearst Commc'ns, Inc.*, 487 F.3d 246, 249 n.3 (5th Cir. 2007) ("All court records are presumptively available to the public and may be sealed only pursuant to the conditions of Texas Rule of Civil Procedure 76a.").

superintendence by a federal court." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297(1970).

*Hart v. Wells Fargo Bank, N.A.*, No. 3:14-cv-1111-B, 2014 WL 12531171, at *1 (N.D. Tex. Apr. 30, 2014); *accord Johnson v. MNSF II WI LLC*, No. 3:24-cv-1499-B-BN, 2024 WL 3331584 (N.D. Tex. June 18, 2024), *rec. accepted*, 2024 WL 3333245 (N.D. Tex. July 8, 2024); *see also Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415-16 (5th Cir. 2013) (per curiam) ("The relief sought, in practical effect, would enjoin Wells Fargo from enforcing a valid extant judgment of a Texas court. The district court is denied jurisdiction to grant that relief by the [AIA]." (citation omitted)); *Andrade v. Bank of N.Y. Mellon*, No. 3:14-cv-783-N-BK, 2014 WL 12531168, at *1-*2 (N.D. Tex. Mar. 19, 2014); *Joseph v. Marie*, Civ. No. 24-1783, 2025 WL 242206 (W.D. Tex. Jan. 17, 2025).

In the alternative, "*Younger* abstention is generally deemed appropriate where assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Word of Faith World Outreach Ctr. Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir. 1993); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13-14 (1987) (recognizing, in case between private parties implicating interests in real property, "importance to the States of enforcing the orders and judgments of their courts" and necessity of "proper respect for the ability of state courts to resolve federal questions presented in state-court litigation").

The doctrine requires that federal courts decline to exercise jurisdiction where three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (cleaned up); *accord Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The United States Supreme Court has recognized that *Younger* abstention is appropriate where a federal plaintiff requests an injunction that would have the practical effect of interfering with execution of a state-court judgment. *See Pennzoil*, 481 U.S. at 13-14 ("Both *Juidice[ v. Vail*, 430 U.S. 327 (1977),] and this case involve challenges to the processes by which the State compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained."); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 671 (10th Cir. 2020) ("[B]oth *Juidice* and *Pennzoil* involved requests to directly or indirectly thwart state court compliance processes." (citing *Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.")).

In addition to meeting the first *Middlesex* condition, *Pennzoil* makes clear that

an injunction interfering with a state court judgment and writ of execution in and of itself implicates important state interests. *See Pennzoil*, 481 U.S. at 13-14. The state also has important state interests in regulating the eviction process. Texas law specifies that jurisdiction for eviction proceedings lies with the justice courts. Tex. Prop. Code § 24.004.

State law also establishes the process for appealing to county court, which is then required to hold a new trial. *See* Tex. Gov't Code § 26.042(e); Tex. Prop. Code § 24.005107, §§ 24.00511-.0054. Finally, it sets out the requirements and limitations to appeal a county court decision to the state court of appeals, including a process to stay the eviction during that appeal. Tex. Prop. Code § 24.007. For a federal court to bypass that process and enter an order staying or enjoining a state would harm the state's interests in establishing and enforcing its own laws, processes, and judgments. *See Pennzoil*, 481 U.S. at 13-14; *see also Weaver v. Parker*, No. 6:23-cv-454-JDK-KNM, 2023 WL 7232851, at *7 (E.D. Tex. Oct. 6, 2023), *rec. adopted*, 2023 WL 7221343 (E.D. Tex. Nov. 2, 2023) (Texas has important interest in real property rights (citing *Chamberlain v. 624 Orleans, LP*, No. 1:11-cv-140, 2011 WL 1627080, at *3 (E.D. Tex. Apr. 18, 2011) (process set up by Texas for eviction proceedings evidences important state interest))).

As to the ability to raise federal claims, Brummett was provided with the opportunity to present his case before a jury and an avenue for appeals. Furthermore, Brummett has not shown that he did not have an adequate opportunity to raise any federal claims or that he will not have such an opportunity at the new trial on appeal.

*See Pennzoil Co.*, 481 U.S. at 15 ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) ("The relevant question is whether the would-be federal plaintiff has the *opportunity* to raise his federal claims in state court." (emphasis in original; citing *Moore v. Sims*, 442 U.S. 415, 425 (1979))); *Chamberlain*, 2011 WL 1627080, at *3 (discussing opportunities to challenge eviction process under state law).

### Recommendation

The Court should deny Plaintiff Shawn Brummett's emergency motion for a TRO and preliminary injunction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 4, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE