IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAWN E. BRUMMETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-58-E-BN |
| | § | |
| DALLAS HOUSING AUTHORITY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Shawn E. Brummett filed a *pro se* complaint against the Dallas Housing Authority ("DHA") relating to his housing conditions and potential eviction. *See* Dkt. Nos. 3, 15. And United States District Judge Ada Brown referred Brummett's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

For the reasons and to the extent set out below, the Court should dismiss this case without prejudice as duplicative of a pending case.

**Discussion**

In 2025, Brummett filed a lawsuit against DHA in state court, which has been removed to this Court. *See Brummett v. Dall. Hous. Auth.*, No. 3:25-cv-968-S-BK. That complaint asserts state law, Fair Housing Act ("FHA") claims, and federal regulatory violations relating to housing conditions and events in April and May 2024 relating to those conditions. *See id.* Dkt. 1-3. And the amended complaint against DHA in this case arises out of the same events and also asserts an FHA claim along

with claims for violations of 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. *See* Dkt. No. 15.

And the malicious prong of the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915(e)(2)(B)(i), empowers the Court to dismiss this successive lawsuit, through which Brummett attempts a second "bite at the litigation apple," *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more.").

"An action is malicious if it 'involve[s] a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit.'" *Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) (per curiam) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). And "the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff." *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-cv-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003), *rec. accepted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003).

Because "the court's power of dismissal in IFP cases under [Section 1915(e)(2)] is broader than in other civil cases under the Federal Rules of Civil Procedure," *Bailey*, 846 F.2d at 1021 (citation omitted), litigation may still be dismissed as malicious under Section 1915(e)(2)(B)(i) where not all the conditions are met for a dismissal under one of the two preclusive doctrines. *See, e.g.*, *Pittman*, 980 F.2d at

995 ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."); *Bailey*, 846 F.2d at 1021 ("In this case, Bailey's complaint repeats the same factual allegations that he asserted in his earlier case, although he successively sued different defendants.... We perceive no abuse of the district court's discretion in dismissing this case as duplicative of Bailey's prior litigation.").

Although Brummett adds additional federal claims to his FHA claim in this lawsuit, both of his pending cases assert claims against DHA arising out of the same core factual allegations about housing conditions. The Court should therefore dismiss this lawsuit without prejudice as duplicative of a pending case.

**Recommendation**

The Court should dismiss this case without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as duplicative of a pending case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 9, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE